NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOOK HEE JUNG, AKA Xianghua Shen, | No.    14-73711 |
| Petitioner, | Agency No. A204-836-863 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2017**
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,*** District Judge.

Sook Hee Jung, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

immigration judge's ("IJ") order denying adjustment of status. We have jurisdiction under 8 U.S.C. § 1252 and we deny in part and dismiss in part the petition for review.

We review questions of law de novo and the agency's factual determinations for substantial evidence. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010). Substantial evidence supports the agency's determination that Jung did not meet her burden of demonstrating that she was "waved" into the United States at a port of entry and, therefore, "inspected and admitted" for the purpose of adjustment of status. 8 U.S.C. § 1255(a); *Matter of Quilantan*, 25 I & N Dec. 285, 286, 293 (BIA 2010). There were inconsistencies between Jung's testimony and immigration documents submitted on her behalf. Jung did not explain those inconsistencies nor did she provide sufficient documentation to corroborate her testimony that her entry was procedurally regular for purposes of adjustment of status. *See* 8 C.F.R. § 1240.8(d) (stating that applicant bears the burden of establishing eligibility for relief from removal).

We lack jurisdiction to consider Jung's unexhausted contentions that the IJ did not provide her sufficient notice and opportunity to produce corroborative evidence or to explain its unavailability and that the IJ failed to provide specific and cogent reasons for rejecting her explanations regarding the inconsistencies between her testimony and the documentary evidence. *See Tijani v. Holder*, 628

F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.